IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-143

 No. COA20-586

 Filed 20 April 2021

 Mecklenburg County, Nos. 18CRS203190, 19CRS2204

 STATE OF NORTH CAROLINA

 v.

 ROMAN JERONE IRVINS

 Appeal by Defendant from judgment entered 23 October 2019 by Judge Lisa C.

 Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 24 March

 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Donna A.
 Hart, for the State-Appellee.

 Edward Eldred for Defendant-Appellant.

 COLLINS, Judge.

¶1 Defendant appeals from judgment entered upon a jury verdict of guilty of

 felony habitual larceny and a plea of guilty to attaining habitual felon status.

 Defendant contends that his indictment for felony habitual larceny was facially

 invalid because an attempted larceny conviction is not an eligible count of larceny to

 support an indictment for felony habitual larceny under N.C. Gen. Stat. § 14-72(b)(6).

 We agree. We arrest judgment on Defendant’s habitual larceny conviction and
 STATE V. IRVINS

 2021-NCCOA-143

 Opinion of the Court

 remand to the trial court for sentencing and entry of judgment for misdemeanor

 larceny. We reverse the judgment entered upon Defendant’s guilty plea to the

 habitual felon charge and remand to the trial court for dismissal.

 I. Background

¶2 Defendant was indicted on 28 January 2019 for felony habitual larceny and

 attaining habitual felon status. The felony habitual larceny indictment alleged that

 Defendant “did unlawfully, willfully, and feloniously steal, take and carry away three

 (3) sets of headphones, the personal property of Target Stores, Incorporated,” and had

 the following four larceny convictions: (1) misdemeanor larceny on 22 October 2008

 in Union County; (2) misdemeanor larceny on 19 June 2012 in Mecklenburg County;

 (3) habitual larceny on 2 November 2015 in Union County; and (4) misdemeanor

 larceny on 6 June 2016 in Union County. The State moved to amend the felony

 habitual larceny indictment to allege that Defendant’s conviction on 22 October 2008

 was for attempted misdemeanor larceny rather than misdemeanor larceny, which the

 trial court allowed over Defendant’s objection. Defendant was ultimately found guilty

 of felony habitual larceny and pled guilty to attaining habitual felon status, while

 reserving the right to appeal the felony habitual larceny conviction. Defendant was

 sentenced to 77 to 105 months in prison. Defendant gave oral notice of appeal.

 II. Standard of Review

¶3 “[W]here an indictment is alleged to be invalid on its face, thereby depriving
 STATE V. IRVINS

 2021-NCCOA-143

 Opinion of the Court

 the trial court of its jurisdiction, a challenge to that indictment may be made at any

 time, even if it was not contested in the trial court.” State v. Wallace, 351 N.C. 481,

 503, 528 S.E.2d 326, 341 (2000) (citations omitted). This Court reviews the

 sufficiency of an indictment de novo. State v. White, 372 N.C. 248, 250, 827 S.E.2d

 80, 82 (2019).

 III. Analysis

¶4 Defendant’s sole argument on appeal is that his indictment for felony habitual

 larceny was facially invalid because an attempted larceny conviction is not an eligible

 count of larceny to support an indictment for felony habitual larceny under N.C. Gen.

 Stat. § 14-72(b)(6).

¶5 To be sufficient under our Constitution, an indictment “must allege lucidly and

 accurately all the essential elements of the offense endeavored to be charged.” State

 v. Hunt, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (2003) (citation omitted); see also

 State v. Brice, 370 N.C. 244, 250, 806 S.E.2d 32, 36-37 (2017) (noting that defendant’s

 indictment for felony habitual larceny alleged all essential elements because, in part,

 it alleged defendant had four prior convictions for misdemeanor larceny). “[A]

 criminal defendant is guilty of the felony of habitual misdemeanor larceny in the

 event that he or she took the property of another and carried it away without the

 owner’s consent and with the intent to deprive the owner of his property

 permanently,” Brice, 370 N.C. at 248, 806 S.E.2d at 35 (quotation marks and citation
 STATE V. IRVINS

 2021-NCCOA-143

 Opinion of the Court

 omitted), “after having been previously convicted of an eligible count of larceny on

 four prior occasions.” Id. at 248, 806 S.E.2d at 36 (citing N.C. Gen. Stat. § 14-72(b)(6)).

¶6 An eligible count of larceny is a conviction in this State, or in any other

 jurisdiction, for: (1) any offense of larceny under N.C. Gen. Stat. § 14-72; (2) any

 offense “deemed or punishable as larceny” under N.C. Gen. Stat. § 14-72; or (3) “any

 substantially similar offense in any other jurisdiction, regardless of whether the prior

 convictions were misdemeanors, felonies or a combination thereof[.]” N.C. Gen. Stat.

 § 14-72(b)(6) (2019).

¶7 The common law elements of larceny are that the defendant: (1) took the

 property of another; (2) carried it away; (3) without the owner’s consent; and (4) with

 the intent to deprive the owner of his property permanently. State v. Boykin, 78 N.C.

 App. 572, 576, 337 S.E.2d 678, 681 (1985). Larceny is punishable under N.C. Gen.

 Stat. § 14-72. Larceny is a Class 1 misdemeanor “where the value of the property or

 goods is not more than one thousand dollars ($ 1,000)[.]” N.C. Gen. Stat. § 14-72(a).

 Larceny is a felony where evidence supports additional statutory elements set forth

 in N.C. Gen. Stat. § 14-72(a) and (b).

¶8 “Attempted larceny is a lesser-included offense of larceny.” State v. Primus,

 227 N.C. App. 428, 431, 742 S.E.2d 310, 313 (2013) (citation omitted). An attempt is

 an “intentional ‘overt act’ done for the purpose of committing a crime but falling short

 of the completed crime.” State v. Broome, 136 N.C. App. 82, 87, 523 S.E.2d 448, 453
 STATE V. IRVINS

 2021-NCCOA-143

 Opinion of the Court

 (1999) (citations omitted). As the State concedes, “attempted larceny is not a

 completed larceny under N.C. [Gen. Stat.] §14-72[.]”

¶9 Attempted misdemeanor larceny is not “deemed or punishable” as larceny

 under N.C. Gen. Stat. § 14-72. Pursuant to N.C. Gen. Stat. § 14-2.5, “[u]nless a

 different classification is expressly stated, . . . an attempt to commit a misdemeanor

 . . . is punishable under the next lower classification as the offense which the offender

 attempted to commit.” N.C. Gen. Stat. § 14-2.5 (2019). Neither section 14-72 nor 14-

 2.5 expressly state the classification for an attempted misdemeanor larceny.

 Accordingly, attempted misdemeanor larceny is punishable under N.C. Gen. Stat. §

 14-2.5 as a Class 2 misdemeanor, the next lower classification of a Class 1

 misdemeanor larceny under N.C. Gen. Stat. § 14-74(a).

¶ 10 Finally, it is uncontested that Defendant’s conviction for attempted

 misdemeanor larceny was from Union County, North Carolina, so it is not a

 “substantially similar offense” from another jurisdiction. See N.C. Gen. Stat. 14-

 72(b)(6).

¶ 11 Because attempted misdemeanor larceny does not fit within any of the three

 statutory categories set forth in N.C. Gen. Stat. § 14-72(b)(6), attempted larceny is

 not an eligible count of larceny to support an indictment for felony habitual larceny.

¶ 12 The State argues that because the indictment alleges Defendant had a prior

 conviction for habitual larceny, that conviction is evidence that Defendant had four
 STATE V. IRVINS

 2021-NCCOA-143

 Opinion of the Court

 eligible convictions for larceny. However, as “[t]he purpose of an indictment is to

 inform the defendant of the charge against him with sufficient certainty to enable

 him to prepare a defense[,]” State v. Bullock, 154 N.C. App. 234, 244, 574 S.E.2d 17,

 23 (2002), an indictment “must allege lucidly and accurately all the essential

 elements of the offense endeavored to be charged[,]” Hunt, 357 N.C. at 267, 582 S.E.2d

 at 600. Accordingly, a habitual larceny indictment must specifically allege each of

 the four eligible counts of larceny of which a defendant was convicted. See Brice, 370

 N.C. at 249-50, 806 S.E.2d at 36-37 (a habitual larceny indictment must allege the

 defendant was convicted of “an eligible count of larceny” on “four separate occasions”).

 A prior habitual larceny conviction is only one eligible count of larceny for purposes

 of N.C. Gen. Stat. § 14-72(b)(6).

¶ 13 Because attempted misdemeanor larceny is not an eligible count of larceny to

 support an indictment for felony habitual larceny under N.C. Gen. Stat. § 14-72(b)(6),

 the indictment failed to allege all essential elements of this offense. “When an

 indictment has failed to allege the essential elements of the crime charged, it has

 failed to give the trial court subject matter jurisdiction over the matter, and the

 reviewing court must arrest judgment.” Bullock, 154 N.C. App. at 244, 574 S.E.2d at

 23 (citations omitted). Accordingly, we arrest judgment on Defendant’s felony

 habitual larceny conviction.

¶ 14 Generally, “[t]he legal effect of arresting the judgment is to vacate the verdict
 STATE V. IRVINS

 2021-NCCOA-143

 Opinion of the Court

 and sentence of imprisonment below, and the State, if it is so advised, may proceed

 against the defendant upon a sufficient bill of indictment.” State v. Fowler, 266 N.C.

 528, 531, 146 S.E.2d 418, 420 (1966) (citations omitted). However, “where the

 indictment does sufficiently allege a lesser-included offense, we may remand for

 sentencing and entry of judgment thereupon.” Bullock, 154 N.C. App. at 245, 574

 S.E.2d at 24. As Defendant’s indictment sufficiently alleged misdemeanor larceny

 and the jury’s verdict of guilty of felony habitual larceny necessarily means that they

 found all of the elements of the lesser-included offense of misdemeanor larceny, we

 remand this case to the trial court for sentencing and entry of judgment for

 misdemeanor larceny. See id. at 245, 574 S.E.2d at 24 (remanding defendant’s case

 to the trial court for imposition of judgment on attempted voluntary manslaughter as

 a lesser-included offense of attempted first degree murder, because all of the elements

 of attempted voluntary manslaughter were alleged in the indictment).

¶ 15 Furthermore, because the judgment for Defendant’s conviction for felony

 habitual larceny has been arrested and the case remanded to the trial court for

 sentencing and entry of judgment for misdemeanor larceny, the judgment entered

 upon Defendant’s guilty plea to the habitual felon charge must be reversed and

 remanded to the trial court for dismissal. See State v. Flint, 199 N.C. App. 709, 717,

 682 S.E.2d 443, 448 (2009) (“In North Carolina, an habitual felon indictment must be

 ancillary to a substantive felony and cannot stand on its own.”) (citation omitted).
 STATE V. IRVINS

 2021-NCCOA-143

 Opinion of the Court

 IV. Conclusion

¶ 16 Defendant’s indictment was facially invalid because it failed to contain

 allegations of four eligible larceny convictions, an essential element of a felony

 habitual larceny indictment. The judgment on Defendant’s felony habitual larceny

 conviction is arrested and the case is remanded to the trial court for sentencing and

 entry of judgment for misdemeanor larceny. Defendant’s guilty plea to the habitual

 felon charge is reversed and remanded to the trial court for dismissal.

 JUDGMENT ARRESTED IN PART; REVERSED IN PART; AND

 REMANDED.

 Judges DILLON and ZACHARY concur.